**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rolondo Garcia LOPEZ, Defendant–Appellant.**

No. 00–10287.

D.C. No. CR–99–411 RCB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 18, 2001.

Decided Aug. 15, 2001.

Before O'SCANNLAIN, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM *

Appellant raises four issues on appeal. First, Appellant argues that the district court erred in denying his motion for a mistrial after a government witness negatively commented on the Appellant's credibility. We review the district court's denial of a motion for mistrial for an abuse of discretion. *United States v. Sarkisian,* 197 F.3d 966, 981 (9th Cir.1999), *cert. denied,* 530 U.S. 1220, 120 S.Ct. 2230, 147 L.Ed.2d 260 (2000). Because the testimo-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

ny in question was never admitted into evidence, we find that there was no error. Even if the testimony was somehow harmful to Appellant, however, any potential harmfulness was cured by the district court's curative instruction. Therefore, the district court did not abuse its discretion in denying Appellant's motion for a mistrial.

Appellant next argues that the district court erred by allowing testimony by an FBI agent as to specific instances of conduct affecting the Appellant's credibility. "Evidentiary rulings ... are not reversible absent clear abuse of discretion, and this court cannot reverse absent some prejudice." *Jauregui v. City of Glendale*, 852 F.2d 1128, 1132 (9th Cir.1988) (internal quotation marks and citations omitted). We conclude that, even assuming the district court erred in allowing this evidence, Appellant has failed to show prejudice. The evidence overwhelmingly supported the government's theory of the case, and ultimately, the jury's verdict.

Appellant next argues that the district court erred when it gave a modified *Allen* instruction. The district court's decision to give an *Allen* instruction is reviewed for an abuse of discretion. *United States v. Wills*, 88 F.3d 704, 717 (9th Cir.1996). Under this standard, "[t]he district court's deliverance of an '*Allen* charge' must be upheld unless it is clear from the record that the charge had an impermissibly coercive effect on the jury." *United States v. Lorenzo*, 43 F.3d 1303, 1307 (9th Cir.1995). Based on an analysis of the applicable factors, we conclude that the *Allen* charge here did not have an impermissibly coercive effect on the jury.

Lastly, Appellant contends that the evidence was insufficient to support the jury's finding of murder in the second degree. We disagree. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Wright*, 215 F.3d 1020, 1025 (9th Cir.), *cert. denied*, 531 U.S. 969, 121 S.Ct. 406, 148 L.Ed.2d 313 (2000).

The judgment of conviction is

**AFFIRMED.**